[S. F. No. 2433.   In Bank. — May 23, 1901.]

E. B. EDSON et al., Board of Railroad Commissioners, etc., Respondents, v. SOUTHERN PACIFIC COMPANY, Appellant.

RAILROAD COMMISSIONERS — JURISDICTION — INCREASE OF LOWER RATE BY RAILROAD COMPANY — RESTORATION OF LOWER RATE — ENFORCEMENT BY COURT. — The jurisdiction of the railroad commissioners to hear and conclusively determine complaints against railroad and transportation companies, as a court of last resort, is confined to rates fixed by the commissioners, and to imposing fines for transgression of rules established by them, and does not extend to cases arising under section 20 of article XII of the constitution. Where a railroad company had increased a lower rate established by itself in violation of that section, the commissioners had no power conclusively to order the restoration of the lower rate; but they could only enforce an infraction of its provisions through the medium of the courts.

ID. — CONSTRUCTION OF CONSTITUTION — "CONSENT OF GOVERNMENTAL AUTHORITY" — REDRESS OF INFRACTION BY COURTS. — Article XII of the constitution was adopted before the railroad commission was established; and the provision therein forbidding a railroad company to increase a rate lowered by itself, "without the consent of the governmental authority in which shall be vested the power to regulate fares and freights," originally referred to the senate and assembly. It could not be supposed that any infraction of that article by the railroad company would be redressed otherwise than through the medium of the courts; and the establishment of the railroad commission, by the subsequent adoption of section 22, makes no change in that respect.

ID. — ACTION BY COMMISSIONERS TO ENFORCE LOWER RATE — ERROR OF SUPERIOR COURT IN NOT REQUIRING PROOF. — In an action by the railroad commissioners to enforce the restoration of a lower rate fixed by the railroad company defendant, which it had increased in violation of section 20 of article XII of the constitution, it was error for the superior court to treat an order of the railroad commissioners for such restoration as a conclusive adjudication, and to base its decree thereupon without requiring proof of the facts alleged, so far as put in issue by the answer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

J. E. Foulds, and John Garber, for Appellant.

C. N. Sterry, Attorney for San Francisco and San Joaquin Valley Railroad Company, as *amicus curiæ*, for reversal of judgment.

Tirey L. Ford, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and Frank H. Short, for Respondents.

BEATTY, C. J.—Section 20 of article XII of the constitution provides that "whenever a railroad corporation shall, for the purpose of competing with any other common carrier, lower its rates for transportation of passengers or freight from one point to another, such reduced rates shall not be again raised or increased from such standard without the consent of the governmental authority in which shall be vested the power to regulate fares and freights."

This is a proceeding under said section to compel the defendant to restore a lower rate, which, it is charged, was adopted by it for the purpose of competition, and which it has raised without the consent of the railroad commission established by section 22 of the same article of the constitution.

The complaint consists of two counts, in the first of which it is alleged that the defendant lowered its passenger rate between San Francisco and Fresno for the purpose of competing with the San Joaquin Valley road, and afterwards raised the rate without the consent of the railroad commission. Several of the material allegations of this count are put in issue by the answer. In the second count it is alleged that in a proceeding before the railroad commission, instituted by John C. Moore, the facts alleged in the first count were established and found, and an order duly made requiring defendant to restore the lowered rate. The answer admits these allegations of the second count as to the proceedings actually had before the commission, but does not admit their force or efficacy. There was also a cross-complaint by the defendant, to which a demurrer was interposed and sustained, but, on the view we entertain of the case, the order of the court respecting the cross-complaint requires no special consideration. Conceding that it was properly overruled, we think the court erred in granting the prayer of the complaint upon the admissions of the answer. The court held that the findings and the order of the railroad commission in the proceeding instituted before it as above

stated were conclusive as an adjudication against the defendant, and accordingly, without hearing evidence or making any findings, except by recital of what the commission had found, made its decree enjoining the observance of the commission's order.

If the commission had no jurisdiction to hear and *determine* the complaint of Moore, this was clearly an error; and we are of the opinion that the commission, in assuming to adjudicate the matters presented by that complaint, exceeded its jurisdiction. The jurisdiction of the railroad commission to hear and determine complaints against transportation companies is such only as is conferred by section 22 of article XII of the constitution, which provides that "said commissioners shall have the power, and it shall be their duty, . . . to hear and determine complaints against railroad and other transportation companies," etc. But what complaints? It is clear from other provisions contained in the same section that they are not given jurisdiction of all complaints against transportation companies, for it is provided that nothing in the section shall prevent *individuals* from maintaining *actions* against any such companies, and further, that in any action for damages "sustained by charging excessive rates" the plaintiff may, in the discretion of the *judge or jury*, recover exemplary damages. Plainly, therefore, it is a question of construction what complaints the railroad commission is empowered to hear and *determine*, or in other words, what controversies are within its jurisdiction as a court of last resort.

To this question we can find no answer in the constitution, except in another clause of this same section, which subjects transportation companies to a fine for any transgression of the rules established by the commission regarding the keeping of accounts and the rates of transportation. We think it is the clearly manifested intention of the framers of the constitution to make the commission a court for the trial of charges preferred against transportation companies under this clause; and such, we think, and such only, are the complaints which they are empowered to hear and *determine*. Other complaints as to abuses by transportation companies they may hear and investigate, with a view to action in their legislative capacity in the making or modifying of rules for keeping accounts, and regulating fares and freights, and also, we think, for the purpose of taking proceedings in the courts on behalf of the public for

the correction or restraint of abuses; but their jurisdiction as a court of justice does not extend to causes arising under section 20 of article XII. That section has no reference to rates fixed by the commission, and their power to impose fines is strictly limited by section 22 to violations of the rules and rates made and prescribed by themselves.

It is a matter of history that section 20 was adopted by the convention before it was agreed to create the commission subsequently established by section 22,—a fact strongly emphasized by the language of the latter part of section 20, where, instead of naming the railroad commission, resort is had to the awkward periphrase above quoted: "The governmental authority in which shall be vested the power to regulate fares and freights." When the section was adopted, it was understood that the power to regulate freights and fares might be left, along with the mass of legislative powers, to the senate and assembly, and, of course, it was not then supposed that any infraction of its provisions would be redressed otherwise than through the medium of appropriate proceedings in the courts. The subsequent adoption of section 22 required no change in this respect, and none seems to have been intended.

The superior court therefore erred in treating the findings and order of the railroad commission as a final and conclusive adjudication against the defendant, and in basing its decree upon the pleadings alone, without proof of the facts alleged in the first count of the complaint.

As this error of the superior court necessitates a reversal of the judgment, it is unnecessary and, as we think, undesirable that we should at this time undertake to decide the constitutional questions which have been so elaborately argued in the briefs.

The judgment is reversed and cause remanded.

Henshaw, J., McFarland, J., Temple, J., Van Dyke, J., and Garoutte, J., concurred.

Rehearing denied.